MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Roy Pruitt,

                    Plaintiff,

v.

Charles Ryan, et al.,

                    Defendants.

No.  CV 15-1112-PHX-DGC (MHB)

**ORDER**

On June 16, 2015, Plaintiff Roy Pruitt, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On June 23, 2015, he filed a Motion for Appointment of Counsel.  On June 30, 2015, he filed a Motion for an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 6) and a Motion for an Order Compelling Discovery (Doc. 7).

In a July 6, 2015 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.  On July 21, 2015, Plaintiff filed a Motion for Extension of Time (Doc. 9).

The Court will grant the Motion for Extension of Time and will deny without prejudice the Motion for a Preliminary Injunction and a Temporary Restraining Order and the Motion for an Order Compelling Discovery.

. . . .

**JDDL**

I.      **Motion for Extension of Time**

In his Motion for Extension of Time, Plaintiff seeks a sixty-day extension of time to comply with the Court's Order to either pay the filing and adminstrative fees or file a complete Application to Proceed *In Forma Pauperis*.  He states that he has sent three requests to the Arizona Department of Corrections Central Office for a certified copy of his trust fund account statement, but has not yet received a response.  The Court, in its discretion, will grant the Motion for Extension of Time.

II.     **Motion for a Preliminary Injunction and a Temporary Restraining Order**

In his Motion for a Preliminary Injunction and a Temporary Restraining Order, Plaintiff seeks to enjoin Defendants from denying him indigent legal supplies or refusing to provide him access to the legal resource library.  Plaintiff contends that he has been denied indigent legal supplies on "multiple occasions" since July 2013, including an incident in June 2015.  He also claims he has been denied placement in the legal resource library "in an attempt to hamper [his] ability to e-file" with the Court.

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

### 1.      **Temporary Restraining Order**

A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

To the extent Plaintiff seeks a temporary restraining order without notice, he has not shown that he will suffer irreparable injury before Defendants can be heard in

**- 2 -**

JDDL

opposition and has not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny that request. *See* LRCiv 65.1. *See also American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting *ex parte* temporary restraining order "when there was no valid reason for proceeding *ex parte* and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such *ex parte* orders"); *Adobe Systems, Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636 (S.D. Cal. 1999).

### 2.    Preliminary Injunction

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

To the extent Plaintiff is seeking a preliminary injunction, he has failed to meet his burden and has failed to address any of the elements of the test. Thus, the Court will deny Plaintiff's request for a preliminary injunction.

### III.    Motion for an Order Compelling Discovery

In his Motion for an Order Compelling Discovery, Plaintiff requests that the Court order Defendant Ryan to produce the full names of the other Defendants, whom Plaintiff has identified in his Complaint by their last names, their titles, and the unit where they are employed.

Plaintiff's Motion is premature. If Plaintiff either pays the filing and administrative fees or files a complete Application to Proceed *In Forma Pauperis*, the Court will screen the Complaint, as required by 28 U.S.C. § 1915A(a). If the Court

JDDL

determines that an answer is required, the Court will send Plaintiff a service packet to complete and return to the Court.  If Plaintiff does so, the United States Marshall will seek waivers of the service from Defendants or, if necessary, will serve them.  Plaintiff has provided nothing to suggest that the United States Marshal will be unable to do obtain waivers of service or serve Defendants simply because Plaintiff does not know Defendants' first names.  If the United States Marshal is unable to obtain waivers of service or serve Defendants, Plaintiff can renew his request at that time.  Thus, the Court will deny without prejudice Plaintiff's Motion for an Order Compelling Discovery.

**IV.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be notified of the requirements regarding copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the July 6, 2015 Order and this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

- 4 -

JDDL

**IT IS ORDERED:**

(1)      Plaintiff's Motion for Extension of Time (Doc. 9) is **granted**.  Plaintiff is granted **60 days** from the date this Order is filed to comply with the July 6, 2015 Order.

(2)      Within **60 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $50.00 administrative fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(3)      If Plaintiff fails to either pay the $350.00 filing fee and $50.00 administrative fee or file a complete Application to Proceed *In Forma Pauperis* within **60 days**, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4)      Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 6) and Motion for an Order Compelling Discovery (Doc. 7) are **denied without prejudice**.

Dated this 10th day of August, 2015.


David G. Campbell
United States District Judge

- 5 -

JDDL