MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Roy Pruitt,

               Plaintiff,

v.

Charles Ryan, et al.,

               Defendants.

No.  CV 15-01112-PHX-DGC (MHB)

**ORDER**

On June 16, 2015, Plaintiff Roy Pruitt, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  On June 23, 2015, he filed a Motion for Appointment of Counsel (Doc. 5).  On June 30, 2015, Plaintiff filed a Motion for an Order to Show Cause and a Motion for an Order Compelling Discovery.  In a July 6, 2015 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

On July 21, 2015, Plaintiff filed a Motion for Extension of Time, seeking a sixty-day extension of time to comply with the Court's Order.  In an August 10, 2015 Order, the Court granted the Motion for Extension of Time and denied without prejudice the Motion for an Order to Show Cause and the Motion for an Order Compelling Discovery. The Court gave Plaintiff 60 days to either pay the filing and administrative fees or file a complete Application to Proceed.

On September 1, 2015, Plaintiff filed a Motion for Status of Application to Proceed In Forma Pauperis.  In a September 18, 2015 Order, the Court granted the Motion for Status to the extent that the Court informed Plaintiff that the Court had not received an Application to Proceed or certified account statement from him.

On September 22, 2015, Plaintiff filed a second Application to Proceed In Forma Pauperis (Doc. 14) and a certified account statement.  The Court will grant the Application to Proceed and will dismiss the Complaint and this action.  In light of the Court's dismissal of this action, the Court will deny as moot the Motion for Appointment of Counsel.

## I.      Second Application to Proceed In Forma Pauperis and Filing Fee

Plaintiff's second Application to Proceed In Forma Pauperis will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $2.30.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III.    Complaint

In his one-count Complaint, Plaintiff names as Defendants Arizona Department of Corrections Director Charles Ryan, Deputy Warden Morris, Correctional Officer IV/Grievance Coordinator Perez, Paralegal Ulibarri, and Librarian Ruboyianes.  Plaintiff seeks declaratory and injunctive relief, monetary damages, a jury trial, and his costs of suit.

Plaintiff alleges that he was denied access to the courts, in violation of his Sixth and Fourteenth Amendment rights.  Plaintiff alleges that on July 3, 2013, he requested indigent legal supplies from Defendants Ulibarri and Ruboyianes.  He claims that on July 9, 2013, Defendant Ruboyianes notified Plaintiff that his request had been denied, even though Plaintiff had clearly indicated in his request that he had a July 18, 2013 deadline to file an amended supplemental brief.  Plaintiff asserts that Defendant Ruboyianes denied Plaintiff's request again on July 15, 2013.

Plaintiff contends that Defendant Ruboyianes came to Plaintiff's cell on July 18, 2013 (the deadline for filing the amended supplemental brief), and demanded proof that Plaintiff had an active court case.  Plaintiff showed Defendant Ruboyianes an order that set a deadline to file a supplemental brief in Plaintiff's direct appeal.  Defendant Ruboyianes told Plaintiff that it would take two weeks for Plaintiff to get his legal supplies.  This caused Plaintiff to miss the deadline.

Plaintiff also asserts that he filed an inmate grievance with Defendant Perez, but it was returned unprocessed.  Plaintiff's appeal to the warden and appeal to the director were "intercepted" by Defendant Perez and returned to Plaintiff "in an attempt to stop [Plaintiff] from accessing the courts."

Plaintiff contends that Defendants Ulibarri and Ruboyianes interfered with his access to the courts and caused him to miss a court-ordered deadline.  He also claims that Defendant Perez tried to stop Plaintiff's access to the courts and that Defendants Ryan and Morris "allowed these actions by not enforcing Department Policy."

## IV.  Failure to State a Claim

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

. . . .

- 4 -

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Prisoners have a right under the First and Fourteenth Amendments to litigate their claims "without *active interference* by prison officials." *Silva v. DiVittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original).

As a matter of standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury"—i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation omitted). *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'") (citations omitted); *cf. Silva*, 658 F.3d at 1104 (actual injury alleged where plaintiff claimed pending lawsuits had been dismissed as the result of defendants' actions). Where, as here, a prisoner is asserting a backward-looking denial of access claim—one that seeks a remedy for a lost

- 5 -

opportunity to present a legal claim—he must show, among other things, "the loss of a 'nonfrivolous' or 'arguable' underlying claim." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds*, 555 U.S. 1150 (2009).

Although Plaintiff may have missed the deadline to file his amended supplemental brief, he suffered no injury. In a Memorandum Decision issued by the Arizona Court of Appeals in Plaintiff's direct criminal appeal, *Arizona v. Pruitt*, CA-CR 12-0625 (Ariz. Ct. App. 2013),[1] the Arizona Court of Appeals noted that Plaintiff had filed an "untimely amended supplemental brief" on August 26, 2013. *Id.* at ¶10 n.4. However, the Arizona Court of Appeals stated that "[g]iven the nature of an *Anders* appeal, the arguments in Pruitt's August 26, 2013 brief **have been considered on the merits**." *Id.* (emphasis added). The Arizona Court of Appeals identified the issues Plaintiff asserted in his supplemental brief**s**, *id.* at ¶10, and stated that it had "read and considered counsel's brief and Pruitt's supplement[al] brief**s**, and ha[d] search the record provided for reversible error," but had found none. *Id.* at ¶24 (emphasis added). Because the Arizona Court of Appeals considered and addressed on the merits the issues raised in Plaintiff's untimely amended supplemental brief, Plaintiff suffered no injury from missing the filing deadline. Thus, the Court will dismiss Plaintiff's access-to-the-courts claim.

In addition, to the extent Plaintiff is raising a claim based on Defendant Perez's failure to process his grievances, he has failed to state a claim. "There is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances

---

[1] *See* http://www.azcourts.gov/Portals/0/OpinionFiles/Div1/2013/1%20CA-CR%2012-0625-171710.pdf (last accessed Oct. 1, 2015).

[plaintiff] submitted for consideration."  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials.  Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy."  *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).  Thus, the Court will dismiss Plaintiff's claim regarding the grievance process.

Finally, because Defendants Ruboyianes, Ulibarri, and Perez did not violate Plaintiff's constitutional rights, Plaintiff's claim that Defendants Ryan and Morris "allowed these actions by not enforcing Department Policy," also fails.

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 14) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.30.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied as moot**.

. . . .

. . . .

. . . .

. . . .

. . . .

(6)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 6th day of October, 2015.

David G. Campbell
United States District Judge